UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JACOB McCALISTER BELL, SR.**     **CIVIL ACTION NO. 6:16-cv-00429**
    **LA. DOC #442374**

**VS.**     **SECTION P**

    **JUDGE REBECCA F. DOHERTY**

**RIVER BEND DETENTION CENTER**     **MAGISTRATE JUDGE PATRICK HANNA**

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Jacob McCalister Bell, Sr., an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 30, 2016. Petitioner attacks his March 8, 2013 conviction for fourth offense driving while intoxicated and the sentence imposed on July 10, 2013, by the Sixteenth Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner did not exhaust available state court remedies prior to filing his petition.

*Statement of the Case*

***1. Previous Petitions for Habeas Corpus Relief***

Petitioner was arrested and charged with DWI on December 8, 2011. While his charges were pending, petitioner filed numerous *pro se* motions and writ applications in the Sixteenth Judicial District Court, the First Circuit Court of Appeals, and the Louisiana Supreme Court. On June 15, 2012, while charges were still pending, he filed a petition for writ of *habeas corpus* in this Court

seeking release from custody and dismissal of the charges based upon an alleged violation of his right to a speedy trial. *See Jacob M. Bell, Sr. v. Warden, St. Mary Law Enforcement Center*, Civil Action No. 6:12-cv-1769 (*Bell I*). On June 18, 2013, the undersigned recommended dismissal of the petition seeking a speedy trial as moot (as noted above petitioner was tried and found guilty on March 8, 2013) and for failing to state a claim for which relief may be granted. [*Bell I*, Doc. 21] On November 12, 2013, United States District Judge Richard T. Haik, Sr. adopted the recommendation and signed a judgment of dismissal. [*Id*., Doc. 23] On May 22, 2014 petitioner's motion for a certificate of appealability (COA) was denied. [*Id*., Doc. 28]

Petitioner filed a second petition on April 4, 2014. *See Jacob McCalister Bell, Sr. v. Warden River Correctional Center*, Civil Action No. 6:14-cv-00775 (*Bell II*). He claimed that he was entitled to *habeas corpus* relief based upon the following: (1) conviction obtained by the use of evidence obtained pursuant to an unlawful arrest; (2) conviction obtained by the violation of the privilege against self-incrimination; (3) ineffective assistance of counsel, denial of an appeal and free transcripts; (4) prosecution failed to disclose evidence favorable to the defense; and, (5) violation of the prohibition against double jeopardy. [*Bell II,* Docs. 1 and 9] On July 9, 2014, United States Magistrate Judge C. Michael Hill recommended dismissal of the petition, as petitioner had not exhausted his state court remedies (his writ application was pending before the Louisiana First Circuit Court of Appeal). *[Bell II*, Doc. 14] On July 30, 2014, United States District Judge Rebecca F. Doherty adopted the recommendation, signed a judgment of dismissal [*Id*., Doc. 16] and denied petitioner's motion for a certificate of appealability (COA). [*Id*., Doc. 17] On September 1, 2014, Petitioner's Application for Stay [*Id*., Doc. 18], construed by the Court as a Motion for Reconsideration was denied and the matter remained Dismissed with Prejudice for failure to exhaust

available state court remedies. [*Id.*, Doc. 19]

## 2. Present Petition for Habeas Corpus Relief

On an unknown date, petitioner's court-appointed counsel appealed his conviction and sentence in the Louisiana First Circuit Court of Appeals and, sometime following, a supplemental *pro se* brief was filed. Petitioner raised the following counseled assignments of error: (1) the trial court erred in denying his motion to suppress; and (2) his total sentence is excessive. His *pro se* appeal brief urged that venue in state district court was improper and that his right to speedy trial had been violated. *See State of Louisiana v. Bell*, 14-1046, 169 So.3d 417 (La. App. 1 Cir. 2015). The Court of Appeal affirmed his conviction on January 15, 2015 and petitioner applied for supervisory writs in the Louisiana Supreme Court. Petitioner alleges that on December 7, 2015, the Louisiana Supreme Court denied his application.[1] [Doc. 1, pg. 2, ¶ 4].

Petitioner filed the instant habeas on March 30, 2016, claiming he is entitled to *habeas corpus* relief for the following reasons: (1) he was charged and tried on a defective bill of information; (2) he was denied witnesses for cross examination; (3) he was denied evidence favorable to him; (4) he should have been tried on a charge of DWI Third Offense, but was instead tried on the charge of DWI Fourth Offense. [Doc. 1, pp. 3-4]

### *Law and Analysis*

Petitioner is in custody pursuant to the judgment of a Louisiana court. Accordingly, the provisions of 28 U.S.C. §2254 apply. That statute provides, as relevant to this proceeding:

> (b)(1) <u>An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless</u> it appears that –

---

[1]A search of the Westlaw® database does not reveal an opinion from the Louisiana Supreme Court.

  (A) the applicant has <u>exhausted the remedies available in the courts of the State</u>;

28 U.S.C. § 2254.

  The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

  To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

While Petitioner did not submit his original appellate brief, the Court is able to ascertain what arguments were made by examination of the First Circuit's opinion. Moreover, while he did not submit to this Court a copy of his writ application to the Louisiana Supreme Court, it is presumed, based on the assertions made in his petition, that he presented those same issues raised in the First Circuit to the state's highest court. These claims are not the same as the claims raised in this federal petition for *habeas corpus* currently before this Court. In other words, petitioner did not properly exhaust his *habeas corpus* claims by presenting them in a proper manner to the Louisiana Supreme Court. State Court remedies remain unexhausted. Further, petitioner has not shown that there is an absence of available State corrective process.

Accordingly, dismissal of this federal *habeas corpus* proceeding without prejudice for lack of exhaustion is warranted. Once petitioner has presented his constitutional claims to the state courts, via the post conviction relief process, and therefore has exhausted the available State court remedies, assuming his application is timely, he may return to this Court to seek habeas relief.[2][3]

### *Recommendation*

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas corpus* claims remain unexhausted.

---

[2]Petitioner is cautioned that any claims that are considered evidentiary and procedural, not constitutional, are not properly before this court. The jurisdiction of this court on habeas review of a state prosecution is limited to constitutional issues under 28. U.S.C. 2254(d)(1), as amended by the AEDPA. *See Fuller v. Johnson*, 114 F.3d 491 (5th Cir. 1997).

[3]Petitioner should also note that the proper defendant in a habeas corpus petition is the official in charge of the custody of the petitioner, i.e., the Warden at River Bend Detention Center.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Lafayette, Louisiana June 20, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**